(No. 5174. October 12, 1929.)

THE FEDERAL LAND BANK OF SPOKANE, a Corporation, Respondent, v. E. G. ELLIOTT and JESSIE ELLIOTT, Appellants.

[281 Pac. 378.]

J. R. Smead, for Appellants.

P. B. Carter, for Respondent.

WM. A. BABCOCK, Commissioner. — On January 25, 1919, respondent, The Federal Land Bank of Spokane, Washington, hereinafter described as the bank, loaned the appellant E. G. Elliott, who is a practicing attorney residing at Boise, Idaho, $3,000, for which he gave his note and secured payment thereof by a mortgage executed by himself and wife on lands in Ada county. Subsequent to the execution of the note and mortgage, the appellant, Elliott, was employed by the bank as its attorney in three foreclosure actions instituted by it in the district court of Boise county, Idaho. The appellant having failed to perform the conditions of the mortgage, the bank brought this action for foreclosure thereof allowing appellant, as a credit on the debt, $50 for his services rendered in each of the foreclosure actions, together with the court costs expended by him in each of said actions.

In his answer to the complaint, the appellant admitted the execution of the note and mortgage and set up, as a counterclaim, the reasonable value of the services performed by him for the bank in said foreclosure actions in Boise county, and asked that he be given credit therefor on the debt secured by the mortgage.

The cause was tried by the court. Findings and judgment were made and entered awarding the bank foreclosure of the mortgage and giving the appellant credit for $50 for his services, together with the amount paid by him for court costs in each of the foreclosure actions in which he represented the bank.

At the trial, the appellant testified as to the services rendered by him in the foreclosure actions in Boise county, from which it appears that the cases were contested and that appellant incurred expenses in going from Boise to attend the trials. Several practicing attorneys, residing in Boise, testified as to the reasonable value of the services rendered by appellant from which it appears, without contradiction, that such services were reasonably worth a very substantial sum, and much more than the amount for which he was given credit.

As part of the cross-examination of the appellant, the respondent introduced certain correspondence had between the bank and appellant, which, so far as material to the questions raised by this appeal, were in substance and effect as follows:

The bank wrote Mr. Elliott as follows:

"October 24, 1923.

"Dear Sir:

"Mr. Ryan, one of our attorneys, advises me that he has had correspondence with you relative to acting as our local attorney in foreclosures in Boise County.

"Our usual arrangement is to pay an attorney fee of $50 in foreclosure action, and in addition to pay the costs of said action. In certain cases, however, there may be circumstances in which additional compensation would be

proper to the attorney. In those cases the compensation would be fixed by mutual agreement.

"We have in view the foreclosure of a mortgage executed to us by Geo. J. Jensen. Will you please advise us if you are at liberty to represent us in said foreclosure action?

"We shall appreciate your prompt reply, as we desire to institute action at once."

To which Mr. Elliott replied:

"October 26, 1923.

"Federal Land Bank,

"Spokane, Washington.

"Gentlemen:

"Your letter of the 24th instant asking as to whether or not I was at liberty to represent you in a foreclosure against George J. Jensen, of Boise County, N. F. L. A. received today. I will be glad to act as your local attorney in this matter on the terms given in your letter. You can forward papers with instructions as to the manner of procedure you desire, at your convenience and I will endeavor to give the matter proper attention.

"If the work proves mutually satisfactory I will be glad to represent you locally in any matter requiring the services of a local attorney."

On March 28, 1924, the bank wrote Mr. Elliott to the effect that they were inclosing complaint and copies thereof and *lis pendens* for foreclosure of a loan to one Frank Leonard. On April 1, 1924, a similar letter as to a foreclosure of a loan to Jensen, and on April 11, 1924, a similar letter as to foreclosure of a loan to one Vincent. Each of these letters closed with the following sentence: "This foreclosure is sent you on our usual understanding as to attorney's fees in foreclosure action." To each of these letters Mr. Elliott replied that he had received the same and that he would proceed with the matter as fast as possible in accordance with their instructions.

After the introduction of this correspondence, the appellant, on redirect examination, testified that after receiving the letter from the bank, dated October 24th, and after his

answer thereto, dated October 26th, he was in Spokane and had a conversation with the president of the bank, who told him that for his services in contested foreclosure cases, he would receive and be paid such compensation therefor as the same was reasonably worth and that when he was required to go to outlying counties he would be reimbursed for money expended for his traveling expenses and a reasonable *per diem* for his time. This testimony was admitted over objection of respondents. The record shows that this conversation was had prior to the time that the papers in the first foreclosure action were sent to appellant accompanied by the letter of March 28, 1924.

By the specifications of error, the sole question calling for determination is: What was the contract between appellant and respondent, as to compensation to be paid for the services rendered in these three foreclosure actions?

Upon consideration of the contents of these letters, I am of the opinion that the only logical conclusion that can be reached is that they created and constituted the contract under which the appellant performed the services in question; that by the terms of the contract, his compensation was definitely fixed at $50 in each of the three cases in which he appeared for the bank, and he was also to be repaid whatever court costs were advanced by him in said cases; that it is obvious that the services for which compensation is claimed by him were fully covered by the contract, and included therein, and that he rendered no services outside of the contract; and that the court did not err in disallowing his counterclaim.

I recommend that the judgment be affirmed, with costs to respondent.

The foregoing is approved as the opinion of the court. The judgment is affirmed, with costs to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Givens, J., did not sit.